GEORGE W. MANN, Respondent, v. CITY OF RICH HILL, Appellant.

### Kansas City Court of Appeals, January 9, 1888.

1. ACTION FOR INJURIES TO WIFE—SUIT BY WIFE DOES NOT BAR FURTHER SUIT BY HUSBAND—CASE ADJUDGED.—A suit by the wife (her husband being only nominally joined for conformity) for damages properly resulting to her, is no bar to a further action by the husband, as for loss of help, labor, and companionship, and for expenses (as in this case). But in such cases the jury should be plainly instructed as to what they should consider in estimating the damages.

2. PRACTICE—VERDICT—EXCESSIVE DAMAGES.—Unless the verdict shall appear to be of such character as to justify this court in saying it has been rendered in passion or corruption, it will not interfere with the judgment.

APPEAL from Bates Circuit Court, HON. CHARLES W. SLOAN, Judge.

*Affirmed.*

The case is stated in the opinion.

SILAS W. DOOLEY, for the appellant.

I. The record in the wife's suit against the defendant was admissible to show what had been adjudicated

therein. *Tutt v. Price,* 7 Mo. App. 194; *Railroad v. Traube,* 59 Mo. 355; *Stewart v. Nelson,* 79 Mo. 522.

II.   The testimony of Dr. Black, as to his bill for services in attending on Mrs. Mann, and that of the plaintiff, as to his wife's suffering, was inadmissible, having been adjudicated in her case.   The depositions of Drs. Wooley and Terrill were incompetent; the injury therein mentioned not having been alleged in plaintiff's petition, they were apt to mislead the jury; nor was there any offer to consult them.   Sutherland on Dam., 731; *Eddy v. Baldwin,* 32 Mo. 374; *Golsen v. Ebert,* 52 Mo. 272; *Hipsley v. Railroad,* 88 Mo. 354; *Bank v. Murdock,* 62 Mo. 74; *Perry v. Ford,* 17 Mo. App. 212; *Pier v. Heinrichoffen,* 52 Mo. 33.

III.   Plaintiff's evidence and recovery should have been founded on the injuries alleged in his petition to have occurred on the second day of December, 1885. *Weil v. Posten,* 77 Mo. 284; *Buffington v. Railroad,* 64 Mo. 246; *Waldhier v. Railroad,* 71 Mo. 514; *Price v. Railroad,* 72 Mo. 414; *Current v. Railroad,* 86 Mo. 62; *Murdock v. Brown,* 16 Mo. App. 548.

IV.   Plaintiff's seventh instruction is in conflict with defendant's instruction number five.   *State to use v. Nauert,* 2 Mo. App. 295; *Wood v. Steamboat,* 19 Mo. 529.   Plaintiff's instruction number seven was too broad; it was apt to mislead the jury without some qualification or explanation with reference to future losses to be sustained on account of the fracture.   *Belt v. Goode,* 31 Mo. 128; *Wyatt v. Railroad,* 62 Mo. 408; *Ely v. Railroad,* 77 Mo. 36; *Ellet v. Railroad,* 76 Mo. 534; *Brown v. Railroad,* 23 Mo. App. 209; *Fitzgerald v. Hayward,* 20 Mo. App. 516; *Cobb v. Sand Co.,* 12 Mo. 130; *Hoffman v. Perry,* 23 Mo. App. 30; *Craycroft v. Walker,* 26 Mo. App. 469; *Gesley v. Railroad,* 26 Mo. App. 156; *McMurry v. Martin,* 26 Mo. App. 437.   Plaintiff's instruction number eight is inconsistent with defendant's instruction number five, both in terms and extent.   *State to use v. Nauert, supra;*

*Singer Co. v. Hudson*, 4 Mo. App. 145; *Sullivan.v. Railroad*, 88 Mo. 169; *State v. Sims*, 68 Mo. 308.

V. Defendant's seventh instruction should have been given.; it being in harmony with plaintiff's theory and covered an injury for which plaintiff was not entitled to recover under Dr. Black's testimony. *Corister v. Railroad*, 25 Mo. App. 619; *Sawyer v. Railroad*, 37 Mo. 262; *Dunn v. Railroad*, 21 Mo. App. 198. Value of wife's services and his time are to be proved. *Hahn's Adm'r v. Swearzea*, 29 Mo. 199; *Howard's Adm'r v. Ins. Co.*, 6 Mo. App. 577; *Slayback v. Gerkhardt*, 1 Mo. App. 333; *Bank v. Westlake*, 21 Mo. App. 565; *Smith v. Young*, 26 Mo. App. 578; Suth. on Dam. 731. Defendant's ninth instruction should have been given; the evidence of fractured *ilium* having been allowed to go to the jury. *Hahn's Adm'r v. Swearzea, supra; Cravens v. Gillilan*, 63 Mo. 28; *Davis v. Railroad*, 13 Mo. App. 449.

VI. The damages are excessive, and are the result of either passion, prejudice, or mistake on the part of the jury. *Sawyer v. Railroad*, 37 Mo. 241; *Goetz v. Ambs*, 22 Mo. 170; *Pratt v. Blakely*, 5 Mo. 205; *Trigg v. Railroad*, 74 Mo. 152.

W. O. ATKINSON, with RAILEY & BURNEY, for the respondent.

I. All of plaintiff's instructions except one, three, and seven, were given without objection. All of defendant's instructions except seven, eight, and nine, were given without objection. The following facts are admitted: "It is admitted on the part of the defendant that defendant is a city of the fourth class, and was organized under the laws of the state of Missouri, December 22, 1880." With the above admission, instructions numbered one and three, given on the part of plaintiff, correctly stated the law. *Russell v. Columbia*, 74 Mo. 490; *Bonine v. Richmond*, 75 Mo. 440; *Loewer v. Sedalia*, 77 Mo. 431. It is not claimed that any of the instructions given were inconsistent. And

if error had been committed, and properly assigned here, defendant participated in it, and cannot complain. *Holmes v. Braidwood*, 82 Mo. 610; *Dunn v. Henley*, 24 Mo. App. 579 ; *Noble v. Blount*, 77 Mo. 235.

II.   Defendant's instructions complained of were properly refused, as ignoring parts of the petition, and other instructions properly covered all substantial issues.   All that defendant was properly entitled to was fairly submitted to the jury under the instructions given.   And there is no inconsistency between the instructions, and if there is it was not objected to below, and it is now too late to complain.   *State v. Reed*, 89 Mo. 168.

III.   The record in the case of Sarah and George Mann against defendant, for injuries to the wife, was incompetent evidence in this case.   The husband was simply a nominal party.   *Blair v. Railroad*, 89 Mo. 334 ; *Smith v. City of St. Joseph*, 55 Mo. 456.   The instruction as to measure of damages in Sarah Mann's case clearly shows that none of the damages sued for in this action were recovered in that.   Even if Mrs. Mann did recover for something which the law did not authorize, it is not the fault of this plaintiff.   Defendant should have appealed if it was not satisfied.   This plaintiff had no control over that case.   *Blair v. Railroad*, 89 Mo. 390 and 391.   Dr. Black's medical bill was not included in Mrs. Mann's case.   This is uncontradicted.   The testimony of Drs. Wooley and Terrell was competent.   It did not comprehend matters not sued for in the petition. The evidence and recovery were upon the injuries alleged in the petition.

IV.   The court will not reverse the cause merely on account of excessive damages, unless they are such as, under the circumstances, shock the understanding, and induce the conviction that the verdict was the result of passion, prejudice, partiality, or corruption.   The damages assessed were not excessive.   Sedg. on Measure of Damages [4 Ed.] 713 and authorities ; *Railroad v. State*, 12 Am. and Eng. Ry. Cases, 149 ; *Railroad v. Pedigo*,

5 West. Rep. (Ind.) 876; *Farish v. Reigle*, 11 Grat. 697; Thompson on Car. of Passengers, 576–585; *Whalen v. Railroad*, 60 Mo. 323; *Porter v. Railroad*, 71 Mo. 66; *Pry v. Railroad*, 73 Mo. 124; *Gregory v. Chambers*, 78 Mo. 294; *Railroad v. Rosenzweig*, 26 Am. and Eng. Ry. Cases (Pa.) 489; *Waldhier v. Railroad*, 87 Mo. 37; *Smith v. City of St. Joseph*, 55 Mo. 456; *Pritchard v. Hewett*, 91 Mo. 550; 1 Graham & Waterman on New Trials [2 Ed.] 451.

ELLISON, J.—This is an action by plaintiff to recover damages for loss of service and companionship, as well as for the expenses incurred, resulting from an injury to his wife on one of defendant's sidewalks. The principal portion of the petition is as follows: "That, between Seventh and Eighth streets aforesaid, between lots 7 and 8, in block 54, of said city, upon the north side of Park avenue aforesaid, the defendant, on the second day of December, 1885, and for a long time prior thereto, unmindful of its duty to the public aforesaid, wrongfully, carelessly, and negligently permitted said sidewalk to become and remain out of repair, in such a manner as to become unsafe and dangerous to foot-travelers using said street; that, at the place and at the time last aforesaid, a plank or board on said sidewalk was loose, broken, and too short, by reason of which said sidewalk was dangerous and unsafe for foot-travelers thereon; that, on or about December 2, 1885, the said Sarah Mann, wife of plaintiff, while traveling along said sidewalk at the place where said plank or board was loose, broken, etc., as aforesaid, without any knowledge upon her part of its loose, broken, unsafe, and dangerous condition aforesaid, and without fault upon her part, while walking along and upon said sidewalk, stepped upon said loose board or plank herself, or the same was stepped upon by one of her companions, by reason of which it became misplaced, threw down and injured the said Sarah Mann, the wife of plaintiff, bruised, wounded, and injured her in her left knee, upon the left side of

the abdomen, as well as other portions of her body; that the said Sarah Mann has since the injury aforesaid, and by reason thereof, been under the necessary care and treatment of a physician, unable to attend to her ordinary household and domestic duties, and has been, since the date of said injury as aforesaid, and is now, a constant care to plaintiff. The plaintiff complains that, by reason of the premises, he has been deprived of the help and labor of his said wife, Sarah Mann; has lost her companionship to a great degree; has been put to large expense in consequence thereof; has expended and become responsible for doctor's bills, medicines, hired help and care, for his said wife, Sarah Mann, and also has spent a large portion of his time since said date in waiting upon and taking care of his said wife on account of said injuries, by reason of all of which he has been damaged in the sum of five thousand dollars, for which judgment is asked, together with the costs of this suit."

The evidence for plaintiff tended to support the allegations of the petition, and, if believed by the jury, tended to make out an injury of an aggravated and permanent character. There was a verdict for plaintiff for fifteen hundred dollars, and defendant appeals. Several instructions were given for either party; three of those given for plaintiff were all that were excepted to by defendant. All asked were given for defendant but three, and to the refusal of these, exceptions were taken.

It appears that plaintiff's wife had, before this trial, instituted suit against defendant for the same injury, being joined nominally therein by plaintiff, in which action she recovered judgment against defendant. That action was no bar to this, but defendant contends that all matters complained of and for which judgment is asked in this case, were actually litigated and adjudicated in that case. And for the purpose of proving this, defendant offered in evidence the record of that case, including the petition, answer, and instructions. The court excluded it. Passing by the question whether this case is to be affected, though improper matter was adjudicated in the

former case in which the sole plaintiff here was formally joined as a nominal plaintiff there, the record was yet properly excluded, as it does not show any matter for which recovery is sought here was litigated in that case. That case was for damages resulting properly to the wife and did not include, at least it does not so appear, loss, expenses, or companionship to this plaintiff, which is the sole object of the present case. The petition and instructions in each case show this. It is true that evidence was received in this case to show the nature and character of Mrs. Mann's injury, but this was for the purpose of showing the extent of plaintiff's loss. If the injury was trivial, plaintiff's loss and expense would not be so great as if it was serious. In a case of this kind, while the trial court should be exceedingly careful not to confound the wife's action with the husband's, yet we must have in mind, in passing on objections of the character urged here, the object of the testimony. In such cases the jury should be plainly instructed as to what they should consider in estimating the damages. The court gave for plaintiff on this subject an instruction properly limiting the damages, and also gave one, at defendant's instance, in substantial accord with plaintiff's. The parties seem not to have disagreed on what were proper matters of damage. The jury could not have been misled in view of these instructions.

The instructions refused for defendant were properly refused. The court would not have been justified in instructing the jury that there was no evidence of the accident causing a fracture of the "*ilium* or pelvic bone." There was evidence showing such fracture and that it did not exist before the accident. Though such fracture was possibly not discovered by the physician who attended her at the time of the accident, yet there was evidence showing it might have existed and not been discovered for reasons stated by the witnesses. Instruction number nine was covered by instructions which were given.

It is insisted that the verdict is excessive, and in aid of the assertion we are cited to the fact that the verdict in Mrs. Mann's case was only two hundred and fifty dollars, while in this it is fifteen hundred dollars. We are not at liberty to consider the propriety of the verdict in her case. That different juries will vary greatly in their estimate of unliquidated damages, is well understood. This results partly from the nature of the human mind and partly from the difference in the surroundings or circumstances of the case. We can only consider the verdict in this case, and while it is large, it does not appear to be of that character as to justify us in saying it has been rendered in passion or corruption.

The objection, that evidence was admitted of injuries not covered by the petition, was not well taken. There was no motion asking that the petition be made more specific.

We have given careful consideration to the comprehensive brief submitted by defendant, but are of the opinion that, under the legal rules and principles applicable to this case, we cannot interfere with the judgment, and it is, therefore, with the concurrence of the other judges, affirmed.